RECEIVED
APR 24 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Attorney(s) for Plaintiff(s)
Aleksandr L. Yufa,
698 Cypress Avenue,
Colton, CA 92324-1952
E-mail: ypesinc@msn.com
(909) 370-4454-phone/voice message,
(909) 370-1714-voice message/fax,
    IN PRO-SE

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br>698 Cypress Avenue,<br>Colton, CA 92324-1952<br>(909) 370-4454-phone<br>    Plaintiff in Pro-Se<br><br>VS.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1000 Defense Pentagon,<br>Washington, D.C. 20301-1000.<br>    and<br>"DOE-DEFENDANTS"<br>1 through 10,<br>    Defendants | CIVIL ACTION NO. CV 08-0330 (RJL)<br><br><br><br><br><br>CONSENT MOTION TO TRANSFER THIS<br>CASE TO THE UNITED STATES COURT OF<br>FEDERAL CLAIMS<br><br><br>Judge: Hon. RICHARD J. LEON |

   Plaintiff - Aleksandr L. Yufa (hereinafter "Yufa" or "Plaintiff"), requests the United

States District Court for District of Columbia to transfer this case in the interest of justice to

the United States Court of Federal Claims.

-1-

The request is based on this Consent Motion to Transfer this Case to the United States Court of Federal Claims, Plaintiff's Memorandum of Points and Authorities in Support of Motion to Transfer, and Declaration of Aleksandr L. Yufa in Support of Motion to Transfer.

Respectfully submitted:

April 23, 2008                                          _____
                                                        **Aleksandr L. Yufa, Ph.D.**
                                                        Plaintiff IN PRO-SE

# AFFIDAVIT OF SERVICE

Mr./Mrs) _Cleo Penrice_, the undersigned, declares:

I am a citizen of the United States of America. I am over the age 18 years and not a party to this action. My business/residence address: 595 North La Cadena Drive, Colton, CA 92324.

On _4/23_, 2008, at the direction of _U.S. Attorney_, I served the within CONSENT MOTION TO TRANSFER THIS CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS on the following interested party by Certified Mail, with postage thereon fully prepaid, a true copies thereof to:

U.S. Attorney
Mr. BRIAN C. BALDRATE,
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
PHONE: (202) 353-9895
FAX:    (202) 514-8780

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _23_ day of _April_ 2008.

_[signature: Cleo Penrice]_

Affidavit of Service



Attorney(s) for Plaintiff(s)

Aleksandr L. Yufa,
698 Cypress Avenue,
Colton, CA 92324-1952
E-mail: ypesinc@msn.com
(909) 370-4454-phone/voice message,
(909) 370-1714-voice message/fax,
    IN PRO-SE

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

---

| | |
|---|---|
| ALEKSANDR L. YUFA,<br>698 Cypress Avenue,<br>Colton, CA 92324-1952<br>(909) 370-4454-phone<br>    Plaintiff in Pro-Se<br><br>VS.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1000 Defense Pentagon,<br>Washington, D.C. 20301-1000.<br>    and<br>"DOE-DEFENDANTS"<br>1 through 10,<br>    Defendants | CIVIL ACTION NO. CV 08-0330 (RJL)<br><br><br><br><br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CONSENT MOTION TO TRANSFER THIS CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS<br><br>**Judge:** Hon. RICHARD J. LEON |

### MEMORANDUM OF POINTS AND AUTHORITIES

STATEMENT OF FACTS

**I.** On July 20, 2007, Plaintiff - Aleksandr L. Yufa (hereinafter "Yufa" or "Plaintiff") sent to

the First Listed Defendant - U.S. Department of Defense (hereinafter "DoD" or "Defen-

-1-

dant") the letter (Certified Mail # 7007 0710 0002 2671 3779) [Yufa's Compl., Exh. **A**], notifying DoD about the believed infringement with the offer to license or acquire the Yufa's U.S. Patent No. 6,346,983 [Yufa's Compl., Exh. No. 1] (hereinafter " '983 patent" or "Yufa's '983 patent") and Yufa's U.S. Patent No. 6,034,769 [Yufa's Compl., Exh. No. 51] (hereinafter " '769 patent" or Yufa's 769 patent"). {Both patents may be mentioned hereinafter as "Yufa's patents" or "Patents-In-Suit"}. There was no response from DoD.

**II.** On September 25, 2007, Yufa has by Brief Follow-Up Letter by certified mail letter (Certified Mail # 7007 0710 0001 9444 0790) [Yufa's Compl.,Exh. **F**]) again notified DoD about believed infringement. There was no response from DoD.

**III.** Defendant has not responded to the Plaintiff's notifying infringement letters (Certified Mail # 7007 0710 0002 2671 3779 of July 20, 2007 and Certified Mail # 7007 0710 0001 9444 0790 of September 25, 2007).

**IV.** After waiting for DoD's response for 5 (five) months, on February 26, 2008 Plaintiff has filed the Complaint for Infringement of the U.S. Patent No. 6,034,769 (herein after " '769 patent") and U.S. Patent No. 6,346,983 (herein after " '893 patent"). [The both patent hereinafter " '769 and '893 patents" or "Patents-In-Suit"].

**V.** Defendant has not defended:

**a)** Defendant has not declared a non-infringement starting from the date of the first Plaintiff's notifying infringement letter to Defendant of July 20, 2007;

**b)** Defendant has not defended (Defendant has not declared a non-infringement after the date of the second Plaintiff's notifying infringement Brief Follow-Up Letter to Defendant of September 25, 2007;

c) Defendant has not answered to the Plaintiff's Complaint within the ordered 30 days.

**VI.** The DoD's defense contractor - Lockheed Martin Corporation (hereinafter "Lockheed") has indirectly confirmed the infringement of the Patents-In-Suit:

**a)** in Lockheed's correspondence (letters) to Yufa Lockheed indirectly confirmed the operation of Lockheed's systems used by DoD in compliance with the '983 and '769 patents (Yufa's Complaint and Yufa's Complaint in the related case);

**b)** by Lockheed's statement that Lockheed's product "read on patent" (Joint Rule 26(f) Report in the related case);

**c)** by applying Lockheed's systems as a prior art under 35 U.S.C. 102(b),(g) for '983 and '769 patents invalidity (documents in the related case, e.g. such as Lockheed's Motion for Summary Judgement, etc, Yufa's Opposition to the Lockheed's Motion for Summary Judgement, Yufa's Memorandum of Controverted Facts in Support of Opposition to the Lockheed's Motion for Summary Judgement, Yufa's Declaration in Support of Opposition to the Lockheed's Motion for Summary Judgement, etc.);

**d)** by making the contradicted/opposite statements during informal investigation and during litigation. It is axiomatically proven that one of the opposite statements is a false statement. The fact, that Lockheed made the same contradicted/opposite statements not once but multiple times, proves that Lockheed made its false statement(s) intentionally (documents in the related case).

**VII.** Based on the information, that DoD and, as it is believed, its officer(s)/employee(s) are the long time subscriber(s)/recipient(s) of the "CleanRoom" magazine, it is believed, that DoD had a knowledge of the Yufa's '983 patent at least from June 2002. The brief descrip-

-3-

tion with the patent number of the Yufa's '983 patent has been published in "CleanRoom" "The Magazine of Contamination Control Technology", Volume 16, No. 6, June 2002 (Yufa's Compl., Exh. **D, E**).

**VIII.** Based on facts in clause 13) hereinabove, it is believed, that the DoD's infringement of at least Yufa's '983 patent is willful infringement at least from June 2002.

**IX.** Based on the information, fact(s), document(s), and evidence(s) disclosed above, on the materials/documents disclosed by Lockheed during formal Discovery and presented in the related case, and on the Lockheed's activity during litigation, it is believed, that DoD has used and does use all described herein Lockheed's systems and possibly manufactures the systems operating by Yufa's '983 and '769 patents, and uses the other systems manufactured by the other defense contractor(s) unknown at this time to Plaintiff.

MEMORANDUM OF POINT

**A.** This Case has been filed by Pro-Se Plaintiff in lack of knowledge.

**B.** According to 28 U.S.C. § 1498(a), the proper jurisdiction for this patent infringement case is the United States Court of Federal Claims.

**C.** According to 28 U.S.C. § 1631, this Court has authority to transfer the case to the United States Court of Federal Claims.

**D.** This motion has been consented with the counsel for the Defendant, whose address, telephone number, and fax number are on the file and presented in the Affidavit of Service attached hereinto.

-4-

**E.** The Defendant's continuous use of the infringing product without defense, i.e. non-declaring a non-infringement after Plaintiff's notification of infringement in July 20, 2007, establishes a willful infringement at least from the July 20, 2007.

**F.** Based on the information, documents, and facts, there is a strong possibility of the finding of the willful infringement from June 2002 ((Yufa's Compl., Exh. **D**, **E**).

STATEMENT OF LEGAL AUTHORITY

**A.** According to 28 U.S.C. § 1498(a), the proper jurisdiction for this patent infringement case is the United States Court of Federal Claims:

> *[W]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.*

**B.** According to 28 U.S.C. § 1631, if the court:

> *[f]inds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for*

*the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.*

Plaintiff, Aleksandr L. Yufa, respectfully asks the Court, in consent of the counsel for the Defendant with this Motion, to transfer this case in the interest of justice and to safe the U.S. Attorney Office's and this Court's time to the United States Court of Federal Claims.

Respectfully submitted:

_April 23, 2008_             _____
                                                           **Aleksandr L. Yufa**, Ph.D.
                                                            Plaintiff IN PRO-SE

## AFFIDAVIT OF SERVICE

Mr./Mrs. _Cleo Venie_, the undersigned, declares:

I am a citizen of the United States of America. I am over the age 18 years and not a party to this action. My business/residence address: 595 North La Cadena Drive, Colton, CA 92324.

On _4/23_, 2008, at the direction of U.S. Attorney, I served the within PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CONSENT MOTION TO TRANSFER THIS CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS on the following interested party by Certified Mail, with postage thereon fully prepaid, a true copies thereof to:

U.S. Attorney
Mr. BRIAN C. BALDRATE,
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
PHONE: (202) 353-9895
FAX:    (202) 514-8780

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _23_ day of _April_ 2008.

_Cleo Venie_

Affidavit of Service



Attorney(s) for Plaintiff(s)

Aleksandr L. Yufa,
698 Cypress Avenue,
Colton, CA 92324-1952
E-mail: ypesinc@msn.com
(909) 370-4454-phone/voice message,
(909) 370-1714-voice message/fax,
    IN PRO-SE

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br>698 Cypress Avenue,<br>Colton, CA 92324-1952<br>(909) 370-4454-phone<br>    Plaintiff in Pro-Se | **CIVIL ACTION NO.** CV 08-0330-(RJL) |
| VS. | |
| U.S. DEPARTMENT OF DEFENSE,<br>1000 Defense Pentagon,<br>Washington, D.C. 20301-1000.<br>    and<br>"DOE-DEFENDANTS"<br>1 through 10,<br>    Defendants | **DECLARATION OF ALEKSANDR L. YUFA IN SUPPORT OF THE CONSENT MOTION TO TRANSFER THIS CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS**<br><br>**Judge:** Hon. RICHARD J. LEON |

    I, Aleksandr L. Yufa, declare the following:

**1)** I am a Plaintiff in this case, and I am acting as pro-se.

**2)** This case is related to the case CV-06 3923 GPS (FFMx), Aleksandr L. Yufa v.

Lockheed Martin Corporation, filed June 22, 2006 in the United States District Court, Central District of California

3) This motion has been discussed with the counsel for Defendant - U.S. Department of Defense and has been consented.

4) On July 20, 2007, Plaintiff - Aleksandr L. Yufa (hereinafter "Yufa" or "Plaintiff") sent to the First Listed Defendant - U.S. Department of Defense (hereinafter "DoD" or "Defendant") the letter (Certified Mail # 7007 0710 0002 2671 3779) [Yufa's Compl., Exh. A], notifying DoD about the believed infringement with the offer to license or acquire the Yufa's U.S. Patent No. 6,346,983 [Yufa's Compl., Exh. No. 1] (hereinafter " '983 patent" or "Yufa's '983 patent") and Yufa's U.S. Patent No. 6,034,769 [Yufa's Compl., Exh. No. 51] (hereinafter " '769 patent" or Yufa's 769 patent"). {Both patents may be mentioned hereinafter as "Yufa's patents" or "Patents-In-Suit"}. There was no response from DoD.

5) On September 25, 2007, Yufa has by Brief Follow-Up Letter by certified mail letter (Certified Mail # 7007 0710 0001 9444 0790) [Yufa's Compl.,Exh. F]) again notified DoD about believed infringement. There was no response from DoD.

6) Defendant has not responded to the Plaintiff's notifying infringement letters (Certified Mail # 7007 0710 0002 2671 3779 of July 20, 2007 and Certified Mail # 7007 0710 0001 9444 0790 of September 25, 2007).

7) After waiting for DoD's response for 5 (five) months, on February 26, 2008 Plaintiff has filed the Complaint for Infringement of the U.S. Patent No. 6,034,769 (herein after " '769

patent") and U.S. Patent No. 6,346,983 (herein after " '893 patent"). [The both patent hereinafter " '769 and '893 patents" or "Patents-In-Suit"].

**8)** Defendant has not defended:

**a)** Defendant has not declared a non-infringement starting from the date of the first Plaintiff's notifying infringement letter to Defendant of July 20, 2007;

**b)** Defendant has not defended (Defendant has not declared a non-infringement after the date of the second Plaintiff's notifying infringement Brief Follow-Up Letter to Defendant of September 25, 2007;

**c)** Defendant has not answered to the Plaintiff's Complaint within the ordered 30 days.

**9)** The DoD's defense contractor - Lockheed Martin Corporation (hereinafter "Lockheed") has indirectly confirmed the infringement of the Patents-In-Suit:

**a)** in Lockheed's correspondence (letters) to Yufa Lockheed indirectly confirmed the operation of Lockheed's systems used by DoD in compliance with the '983 and '769 patents (Yufa's Complaint and Yufa's Complaint in the related case);

**b)** by Lockheed's statement that Lockheed's product "read on patent" (Joint Rule 26(f) Report in the related case);

**c)** by applying Lockheed's systems as a prior art under 35 U.S.C. 102(b),(g) for '983 and '769 patents invalidity (documents in the related case, e.g. such as Lockheed's Motion for Summary Judgement, etc, Yufa's Opposition to the Lockheed's Motion for Summary Judgement, Yufa's Memorandum of Controverted Facts in Support of Opposition to the

Lockheed's Motion for Summary Judgement, Yufa's Declaration in Support of Opposition to the Lockheed's Motion for Summary Judgement, etc.);

**d)** by making the contradicted/opposite statements during informal investigation and during litigation. It is axiomatically proven that one of the opposite statements is a false statement. The fact, that Lockheed made the same contradicted/opposite statements not once but multiple times, proves that Lockheed made its false statement(s) intentionally (documents in the related case).

**10)** Based on the information, that DoD and, as it is believed, its officer(s)/employee(s) are the long time subscriber(s)/recipient(s) of the "CleanRoom" magazine, it is believed, that DoD had a knowledge of the Yufa's '983 patent at least from June 2002. The brief description with the patent number of the Yufa's '983 patent has been published in "CleanRoom" "The Magazine of Contamination Control Technology", Volume 16, No. 6, June 2002 (Yufa's Compl., Exh. **D, E**).

**11)** Based on facts in clause 13) hereinabove, it is believed, that the DoD's infringement of at least Yufa's '983 patent is willful infringement at least from June 2002.

**12)** Based on the information, fact(s), document(s), and evidence(s) disclosed above, on the materials/documents disclosed by Lockheed during formal Discovery and presented in the related case, and on the Lockheed's activity during litigation, it is believed, that DoD has used and does use all described herein Lockheed's systems and possibly manufactures the systems operating by Yufa's '983 and '769 patents, and uses the other systems manufactu-

red by the other defense contractor(s) unknown at this time to Plaintiff.

Plaintiff, Aleksandr L. Yufa, respectfully asks the Court, in consent of the counsel for the Defendant with this Motion, to transfer this case in the interest of justice and to safe the U.S. Attorney Office's and this Court's time to the United States Court of Federal Claims.

I declare under penalty of perjury of the State of California, that the foregoing in this dec-declaration is true and correct as to my best knowledge, understanding, and belief.

Respectfully submitted:

_April 23, 2008_           _____
                                                               Aleksandr L. Yufa, Ph.D.
                                                               Plaintiff IN PRO-SE

# AFFIDAVIT OF SERVICE

Mr./Mrs. _Cleo Penrice_, the undersigned, declares:

I am a citizen of the United States of America. I am over the age 18 years and not a party to this action. My business/residence address: 595 North La Cadena Drive, Colton, CA 92324.

On _4/23_, 2008, at the direction of U.S. Attorney General, I served the within DECLARATION OF ALEKSANDR L. YUFA IN SUPPORT OF THE CONSENT MOTION TO TRANSFER THIS CASE TO THE UNITED STATES COURT OF FEDERAL CLAIMS on the following interested party by Certified Mail, with postage thereon fully prepaid, a true copies thereof to:

U.S. Attorney
Mr. BRIAN C. BALDRATE,
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
PHONE: (202) 353-9895
FAX:    (202) 514-8780

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _23_ day of _April_ 2008.

Affidavit of Service